UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUCESORES DE DON CARLOS NUÑEZ Y DOÑA PURA GALVEZ, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOCIÉTÉ GÉNÉRALE, S.A., *et al.*, <br><br> Defendants. | Civil Action No. 1:20-cv-00851-LTS-KNF |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>**

Pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure, Plaintiff Sucesores de Don Carlos Nuñez y Doña Pura Galvez, Inc. ("Sucesores") respectfully submits this brief in support of its unopposed motion for leave to file a second amended complaint ("SAC").[1] By the proposed amendment, Sucesores seeks to ensure the appropriate parties are present in the case and to streamline its allegations. Defendant Société Générale, S.A. ("SocGen"), the defendant currently in the action, does not oppose this motion and has consented in writing to the filing of the Second Amended Complaint. *See* Molo Decl. Ex. B.

## BACKGROUND

Sucesores filed this case against SocGen in the Southern District of Florida on July 10, 2019, alleging violations of the Helms-Burton Act. Dkt. 1. That Act creates a cause of action for U.S. nationals against any person who traffics in property confiscated by the Cuban Government. 22 U.S.C. § 6082(a). Sucesores, a U.S. national incorporated in Florida, claims an interest in Banco Nuñez, a privately owned bank confiscated by the Cuban Government in 1960. *See* Dkt. 1 ¶¶ 24-39. Sucesores alleges that SocGen, a French bank, admitted through a deferred criminal prosecution agreement to doing business with the Cuban Government—business that constituted trafficking in that property. *Id.* ¶¶ 40-56. SocGen accepted service of the complaint in mid-July. Dkt. 7 at 1.

Before SocGen's deadline to respond to the initial complaint, Sucesores amended its complaint to include additional factual allegations. Dkt. 16. The amended complaint added three new defendants, all banks that do business with the Cuban Government. *See id.* None of

---

[1] A copy of the proposed Second Amended Complaint is filed with this brief as Exhibit A to the Declaration of Steven F. Molo. The email from SocGen consenting to the filing of the Second Amended Complaint is filed as Exhibit B thereto.

the newly added defendants, however, appeared, answered, or moved to dismiss the amended complaint. Those defendants have since been voluntarily dismissed without prejudice. Dkt. 73.

On October 29, 2019, SocGen moved to dismiss the amended complaint. Dkt. 29. SocGen argued, among other things, that it was not subject to personal jurisdiction in Florida, *id.* at 7-20, but argued that it would be subject to specific personal jurisdiction in New York, Dkt. 41 at 2. Accordingly, Sucesores made an unopposed motion to transfer the case to the Southern District of New York. Dkt. 42. That motion was granted. Dkt. 43. The case was transferred to this Court in February 2020, before any ruling on SocGen's motion to dismiss. Dkt. 44. That motion remains pending.

After transfer, Sucesores informed the Court that it intended to amend its complaint. *See* Dkt. 53; Dkt. 62. The proposed SAC refines and streamlines the allegations of trafficking against SocGen. *See* Molo Decl. Ex. A. The SAC also adds individual plaintiffs who may have Helms-Burton claims involving the same confiscated property. Finally, the SAC adds one defendant, BNP Paribas, S.A. ("Paribas"), which admitted through a guilty plea to engaging in criminal misconduct similar to the conduct SocGen admitted in its deferred prosecution agreement. SocGen has consented in writing to the SAC's filing, reserving all of its rights, including without limitation its right to move to dismiss the SAC. Molo Decl. Ex. B.

## **ARGUMENT**

Leave to file the SAC should be granted. Under Federal Rule of Civil Procedure 15, a party "may amend its pleading" either "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). That standard is permissive. If consent is obtained, "the court must permit the amendment to be filed." *W.S.A., Inc. v. ACA Corp.*, No. 94 CIV. 1493 (CSH), 1996 WL 551599, at *3 (S.D.N.Y. Sept. 27, 1996) (collecting authorities). In all other situations, Rule 15 states, "the court should freely give leave when justice so requires." Fed. R. Civ. P.

2

15(a)(2). The "'same standard of liberality'" applies in the context of amendments that join parties to an action under Rule 21. *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008); *see also* 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1474 (3d ed.) ("[T]he same basic standard . . . will apply whether the pleader moves under Rule 15(a) or Rule 21."). Those standards are amply satisfied here.

SocGen, the only opposing party currently in this case, has consented in writing to the filing of the SAC. Molo Decl. Ex. B. That removes any potential barrier to amending the allegations against SocGen. *See* Fed. R. Civ. P. 15(a)(2) (stating that "a party may amend its pleading . . . with the opposing party's written consent"). "Once the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)." *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954). "[T]he court must permit the amendment to be filed." *W.S.A.*, 1996 WL 551599, at *3; *see also Wiwa v. Royal Dutch Petroleum Co.*, No. 96 CIV. 8386 (KMW)(HBP), 2007 WL 2844832, at *1 n.1 (S.D.N.Y. Sept. 28, 2007).

To the extent leave is required to make other amendments, leave should be given. "The court," Rule 15 states, "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). That permissive standard reflects a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (internal quotation marks omitted); *see also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (noting the "preference that amendments be permitted"). As the Second Circuit has explained, leave to amend "should ordinarily be granted," and "it is rare that such leave should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing . . . of

3

prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). And that "'same standard of liberality'" applies to amendments that add parties. *Bridgeport*, 248 F.R.D. at 412.

This is not one of the rare cases in which leave to amend should be denied. The proposed amendments are not offered in bad faith and will not prejudice any party. SocGen consents to the amendment. Paribas, too, cannot complain of any cognizable prejudice. Sucesores and the other proposed plaintiffs could still file a separate Helms-Burton action against it, and nothing suggests that joining Paribas here would be unjust. *See Holiday Pub. Co. v. Gregg*, 330 F. Supp. 1326, 1328 (S.D.N.Y. 1971) (observing that it would be "wasteful and unwarranted" to deny motion to amend where "plaintiff could commence a new identical action against the new defendants"). The action is still in its infancy. No substantive rulings have been made; no responsive pleadings have been filed; and no deadlines for amending pleadings or adding parties have been set, much less passed. Courts regularly permit amendments after cases have proceeded much further, including past the pleadings stage and well into discovery. *See, e.g.*, *Pasternack*, 863 F.3d at 174 (holding that it was an "abuse of discretion" to deny leave to amend based on "delay and litigation expense"); *Kreisler v. P.T.Z. Realty, L.L.C.*, 318 F.R.D. 704, 706 (S.D.N.Y. 2016) (granting leave to amend after deadline for amending pleadings, notwithstanding the need to re-hire an expert); *Bridgeport*, 248 F.R.D. at 412-415 (granting leave to amend after deadline for amending pleadings and years into discovery). *A fortiori* granting leave to amend is appropriate here.

There is, moreover, significant legal and factual overlap in the Helms-Burton claims in the proposed SAC asserted against SocGen and Paribas. The claims in the proposed SAC all arise under the same statute. They concern trafficking in the same confiscated property, Banco

4

Nuñez. Molo Decl. Ex. A, ¶¶27-31, 44-45, 52-53. The factual allegations regarding SocGen's and Paribas's trafficking through their dealings with Banco Nacional de Cuba, the state-controlled entity that absorbed Banco Nuñez, are also highly similar. *Compare id.* ¶¶39-46 (allegations against SocGen), *with id.* ¶¶39, 47-54 (allegations against Paribas). There is even an allegation that "Paribas . . . participated with SocGen" in one of the alleged trafficking schemes. *Id.* ¶49. The close relationship between the claims against SocGen and Paribas reinforce that amendment is proper. *See Bridgeport Music*, 248 F.R.D. at 414-15; *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 143, 153 (S.D.N.Y. 2012).

Finally, the "interests of judicial economy" favor adding Paribas "as a party to this action over deferring claims against it to separate future action." *Bridgeport Music*, 248 F.R.D. at 415. The claims against SocGen and Paribas arise under the same statute and from a common set of facts. It would be "wasteful and unwarranted" to require the filing of an almost identical action against Paribas that "would presumably be consolidated with the present suit." *Holiday Pub.*, 330 F. Supp. at 1328. Leave to amend should be granted to the extent it is required.

## **CONCLUSION**

The Court should grant the motion and accept the Second Amended Complaint as the operative pleading.

5

| | |
|---|---|
| Dated:   July 16, 2020 | Respectfully submitted, |

| | |
|---|---|
| Javier A. Lopez (admitted *pro hac vice*)<br>Benjamin Widlanski<br>Dwayne Antonio Robinson (admitted *pro hac vice*)<br>Evan J. Stroman (admitted *pro hac vice*)<br>KOZYAK TROPIN THROCKMORTON<br>2525 Ponce de Leon Blvd., 9th Floor<br>Miami, FL  33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508<br>jal@kttlaw.com<br>bwidlanski@kttlaw.com<br>drobinson@kttlaw.com<br>estroman@kttlaw.com | /s/ Steven F. Molo<br>Steven F. Molo<br>Sara E. Margolis<br>MOLO LAMKEN LLP<br>430 Park Avenue<br>New York, NY  10022<br>Tel.: (212) 607-8160<br>Fax: (212) 607-8161<br>smolo@mololamken.com<br>smargolis@mololamken.com |

Paul A. Sack (admitted *pro hac vice*)
LAW OFFICES OF PAUL A. SACK, P.A.
1210 Washington Ave., Ste. 245
Miami Beach, FL  33139
Tel: (305) 397-8077
Fax: (305) 763-8057
paul@paulsacklaw.com

*Attorneys for Plaintiff*
*Sucesores de Don Carlos Nuñez y Doña*
*Pura Galvez, Inc.*